McLEAN et al. v. BREEN.    (No. 98–2928.)

(Commission of Appeals of Texas.    Section A.
April 7, 1920.)

WILLS ⬡⟞685—"LAST SICKNESS" OF BENE-
FICIARY, FOR WHICH ESTATE WAS LIABLE,
DEFINED.

Under a will creating a trust and requiring
payment, on the beneficiary's death, of the ex-
penses of her last sickness, the "last sickness"
of an old lady over 80 years of age and so in-
firm as to be habitually ill, but who was able
not long before her death to leave her home and
attend to certain business affairs, was that ill-
ness by which she was last taken to her bed, and
not the general or protracted illness of a
chronic invalid.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Last
Sickness.]

Error to Court of Civil Appeals of Second
Supreme Judicial District.

Suit by J. J. Breen, against W. P. McLean,
Sr., and another.  A judgment for plaintiff
was affirmed by the Court of Civil Appeals
(183 S. W. 394), and defendants bring error.
Reversed and remanded.

McLean, Scott & McLean, of Ft. Worth, for
plaintiffs in error.
Capps, Cantey, Hanger & Short, of Ft.
Worth, for defendant in error.

SONFIELD, P. J.  Suit by J. J. Breen,
defendant in error, against W. P. McLean,
Sr., trustee of the estate of Rose A. Dodd,
deceased, and another, plaintiffs in error, for
services rendered to, expenditures made
by plaintiff and wife for and in behalf of
Mrs. Anna Morey.  Defendant McLean was
the duly appointed and qualified trustee
under the will of Mrs. Rose A. Dodd.  The
will vested the estate in the trustee in trust
for her sister, Anna Morey, directing that
the net income be turned over to the sister
during her natural life.  Upon the death of
the sister, "and the payment of whatever
expenses may be incurred in her last sickness
and for her funeral expenses," all the estate
then on hand was to go to the Congregation
of the Sisters of Charity of the Incarnate
Word, to whom the trustee was directed to
turn it over "after the payment of the said
expenses of last sickness and funeral ex-
penses of my said sister."

The sisters, Mrs. Morey and Mrs. Dodd,
were quite old, and for some time prior to
the death of Mrs. Dodd they became board-
ers at the St. Joseph's Infirmary in Ft.
Worth.  At the date of the will, and at the
time of Mrs. Morey's death, she had on de-
posit in a bank the sum of $630, which con-
stituted the whole of her property, and re-
ceived from the United States government a
pension of $12 per month.  During the peri-
od of about one year after the death of Mrs.
Dodd, defendant trustee paid the St. Joseph's
Infirmary the sum of $30 per month for the
board and room rent of Mrs. Morey.  The
net income from Mrs. Dodd's estate did not
exceed, on an average, that amount.

About the month of January, 1910, Mrs.
Morey went to live with the family of plain-
tiff.  It was agreed between plaintiff's wife
and defendant trustee that the charge for
Mrs. Morey's board and room rent should
be the same that had been paid to St.
Joseph's Infirmary, and the sum of $30 per
month was paid to plaintiff's wife each
month during the time Mrs. Morey lived in
the home of plaintiff, which was about two
years and eight months.

After the death of Mrs. Morey, which
occurred on the 12th day of September, 1912,
plaintiff presented to defendant trustee an
account for expenditures made and services
rendered covering the whole period of Mrs.
Morey's residence with his family, aggregat-
ing the sum of $2,467.83.  The account in-
cluded charges for nurse hire, liquors, fuel,
and washing, for mattresses, pillows, linens,
and carpet spoiled and replaced, or used
and worn out, and for extra care in addition
to the amount contracted and paid for dur-
ing this period.  The account was rejected
and payment refused by the trustee.  At the
time of the presentation of this account, de-
fendant trustee had paid all the funeral ex-
penses and bills for medical attendance on
Mrs. Morey up to the date of her death.
Herein plaintiff sought judgment in the sum
of $2,360.

The Congregation of the Sisters of Charity
of the Incarnate Word, residuary legatee
and devisee under the will of Mrs. Dodd,
was made a party defendant, and was co-
plaintiff in error in the application for writ
of error.

Trial to a jury resulted in a verdict and
judgment in favor of defendant in error in
the sum of $1,000, which on appeal was
affirmed by the Court of Civil Appeals.  183
S. W. 394.

The Court of Civil Appeals held that, from
the evidence of Mrs. Breen and her two
daughters, and various neighbors who visited
the Breen home during Mrs. Morey's stay
there, the theory was sustainable that, al-
though Mrs. Morey was able, at intervals,
to be up, and even to go to town as late
as May, 1912, yet she was, during the period
intervening between June, 1911, and her
death in September, 1912, suffering from the
same and continuous ailment of which she
died.  The amount awarded by the ver-
dict was held by the Court of Civil Appeals
to be justified.

The Supreme Court, in granting the writ
of error, regarded the judgment as wrong in
decreeing recovery for expenditures for

⬡⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

services which could not be considered as having been incurred on account of "the last sickness" of Mrs. Morey, under the legal meaning of that term as applied to one in her physical condition.

Mrs. Morey was over 80 years old at the time she went to live in the home of plaintiff. She suffered the usual infirmities of old age. She was feeble, and doubtless required much more attention and care than would a younger person. Mrs. Breen, the wife of plaintiff, testified that Mrs. Morey was first confined to her bed in 1911 for a period of three weeks in the spring; that in the fall of 1911 she was in bed seven weeks during the months of September and August; that in 1912 she was confined to her bed from April until her death in September; that Mrs. Morey took to her bed in April, 1912, and did not get up again; that in May of that year she got up once or twice and went as far as the dining room; that she had to be assisted to the table and could not remain there, and had to be taken back to bed; that that was the last time she was ever out of her room, and from that time she was so sick she could not be out of bed, or get out without assistance. She also testified that Mrs. Morey went to town in the month of February, 1912.

The Supreme Court, on investigation of the record, advises that it adheres to the opinion expressed in the granting of the writ of error; that the time of "the last sickness," as applied to one in the invalid condition of Mrs. Morey, and under the facts as disclosed by the evidence, should be reckoned, as a matter of law, as from the date when she was last permanantly confined to her bed. In view of this holding, conceding a full recovery for each item for the full period, and including the value of the linens, mattresses, and carpet claimed to have been ruined, as of this period, and deducting therefrom the $30 per month paid to plaintiff, as under the instruction of the court, there is no evidence to sustain a verdict in the sum of $1,000.

We are of opinion that the judgment of the Court of Civil Appeals, affirming that of the district court, should be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

The undisputed proof in this record is that in February, 1912, Mrs. Morey was able to leave the home of the Breens and go into the city of Ft. Worth and there attend to cerain business affairs. A verdict which reckons the period of her "last sickness" as embracing a time when such was the state of her health, cannot be sustained.

"Last sickness" means the illness which immediately precedes and results in death. It does not mean the general or protracted illness from which a chronic invalid may at no time be free. Applied to one in Mrs. Morey's condition,—an old lady, past 80 years of age, so infirm as to be habitually ill,— it could not in fairness and right be held to mean other than that illness by which she was last taken to her bed. The time of such illness did not antedate April, 1912.